IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

          Plaintiff,

    Vs.                       No.  03-40126-01-SAC

ALEX OROZCO,

          Defendant.

## MEMORANDUM AND ORDER

This case comes before the court on the defendant Alex
Orozco's motion to vacate, set aside or correct sentence pursuant to 28
U.S.C. § 2255 (Dk. 79) and on the government's motion to dismiss the
defendant's § 2255 motion and to enforce the plea agreement (Dk. 84) and
the defendant's response (Dk. 85).  The defendant contends his trial
counsel was ineffective in not objecting at sentencing:  (1) to the imposition
of the obstruction of justice enhancement; (2) to the denial of an
acceptance of responsibility adjustment; (3) to the government's
recommendation of only a 10% reduction pursuant to U.S.S.G. § 5K1.1;
and (4) to the criminal history point given for a dated traffic conviction, and
trial counsel was ineffective in not filing a timely notice of appeal.  The
defendant also argues the sentencing court violated his constitutional rights

in light of *United States v. Booker*, 543 U.S. 220 (2005), and *Blakely v. Washington*, 542 U.S. 296 (2004).

## BACKGROUND

The defendant pleaded guilty on May 18, 2005, to a single count information that charged him with distribution of 449.57 grams of methamphetamine.  As part of the plea bargain, it was agreed that the defendant's failure to appear for court disqualified him from an acceptance of responsibility adjustment and entitled the government to argue for an obstruction of justice enhancement.  The presentence report[1] recommended a guideline sentencing range of 210 to 262 months.  The court sustained the defendant's objection to relevant conduct, and the guideline sentencing range was reduced to 135 to 168 months.  At the sentencing hearing, the defendant's counsel argued that the five-level adjustment for the defendant's failure to appear for a court hearing was too severe and that the defendant's substantial assistance deserved more than the ten percent departure recommended by the government.  After taking

---

[1]The PSR correctly determined a criminal history category of two and properly assigned one point to the prior sentence in case No. 88M11407 in the  California Municipal Court, because the sentence in that case was imposed in March of 1997 or within ten years of the defendant's commencement of the instant offense of conviction.  U.S.S.G. § 4A1.2(e)(2).

into consideration the government's U.S.S.G. § 5K1.1 motion, the court sentenced the defendant to 121 months of imprisonment.

The defendant filed pro se a notice of appeal the day before the entry of judgment.[2]  (Dk. 63).  Two days after the entry of judgment, the defendant's retained counsel filed a timely notice of appeal.[3]  (Dk. 67). After a docketing statement was filed on the defendant's behalf and the record on appeal was completed with the filing of the transcript from the sentencing hearing, the defendant filed pro se his § 2255 motion on October 4, 2006.  The district court did not proceed with this § 2255 motion, as the defendant's direct appeal was still pending.

In January of 2007, the government moved the Tenth Circuit Court of Appeals to enforce the defendant's appeal waiver under *United States v. Hahn*, 359 F.3d 1315 (10th Cir. 2004), and dismiss the defendant's appeal.  The Tenth Circuit found:

> Defendant's plea agreement states that he "knowingly and voluntarily waives any right to appeal or collaterally attack any matter in connection with his prosecution, conviction and sentence."  Plea

---

[2]A notice of appeal filed before entry of judgment "is treated as filed on the date of and after the entry."  Fed. R. App. P. 4(b)(2).

[3]"[A] defendant's notice of appeal must be filed in the district court within 10 days after . . .  the entry of  . . . the judgment."  Fed. R. App. P. 4(b)(1)(A)(i).

Agreement at 6 (filed May 18, 2005).  More specifically, it recites that defendant "knowingly waives any right to appeal a sentence imposed which is within the guideline range determined appropriate by the court," reserving the right to appeal only "to the extent, if any, the court departs upwards from the applicable sentencing guideline range determined by the court."  *Id.*

Under *Hahn*, we consider  "(1) whether the disputed appeal falls within the scope of the waiver of appellate rights; (2) whether the defendant knowingly and voluntarily waived his appellate rights; and (3) whether enforcing the waiver would result in a miscarriage of justice."  *Id.* at 1325.  The government's motion addresses these considerations, explaining why none undermines defendant's appeal waiver here.  We agree.

The defendant has not filed a response to the government's motion, thus the motion to enforce is unopposed.  Having reviewed the pertinent materials, we find nothing to except this case from the consequences of the broad appeal waiver included in defendant's plea agreement. . . .  The plea agreement and the plea colloquy demonstrate that defendant knowingly and voluntarily entered into the plea agreement, including the waiver of appellate rights.  Further, we find nothing to suggest that enforcement of the waiver would result in a miscarriage of justice.

(Dk. 82, pp. 2-3).  With the filing of the Tenth Circuit's mandate, the district court filed a minute order setting a briefing schedule for the defendant's § 2255 motion.  The government promptly filed its motion for enforcement of the plea agreement (Dk. 84) which the court now decides.

## MOTION TO ENFORCE PLEA AGREEMENT AND DISMISS APPEAL

The government moves to dismiss the defendant's § 2255 motion based on the following provision in the plea agreement:

### 9. <u>Waiver of Appeal and Collateral Attack</u>.  Defendant

4

> knowingly and voluntarily waives any right to appeal or collaterally
> attack any matter in connection with this prosecution, conviction and
> sentence.  The defendant is aware that Title 18, U.S.C. § 3742
> affords a defendant the right to appeal the conviction and sentence
> imposed.  By entering into this agreement, the defendant knowingly
> waives any right to appeal a sentence . . . .  The defendant also
> waives any right to challenge a sentence or otherwise attempt to
> modify or change his sentence or manner in which it was determined
> in any collateral attack, including, but not limited to, a motion brought
> under Title 28, U.S.C. § 2255 [except as limited by *United States v.
> Cockerham*,237 F.3d 1179, 1187 (10th Cir. 2001)] and a motion
> brought under Title 18, U.S.C. § 3582(c)(2).

(Dk. 46, Plea Agr. ¶ 11).  A court need not "hesitate to 'hold a defendant to

the terms of a lawful plea agreement.'"  *United States v. Sandoval*, 477

F.3d 1204, 1206 (10th Cir. 2007) (quoting *United States v. Atterberry*, 144

F.3d 1299, 1300 (10th Cir. 1998)).  "[A] waiver of collateral attack rights

brought under § 2255 is generally enforceable where the waiver is

expressly stated in the plea agreement and where both the plea and the

waiver were knowingly and voluntarily made."  *United States v.

Cockerham*, 237 F.3d 1179, 1183 (10th Cir. 2001), *cert. denied*, 534 U.S.

1085 (2002).  Exceptions to the general rule include "where the agreement

was involuntary or unknowing, where the court relied on an impermissible

factor such as race, or where the agreement is otherwise unlawful."  *Id*. at

1182-83.  Moreover, "a plea agreement waiver of postconviction rights

does not waive the right to bring a § 2255 petition based on ineffective

5

assistance of counsel claims challenging the validity of the plea or the

waiver." *Id.* at 1187.  All other ineffective assistance of counsel claims fall

within the scope of a proper waiver.  *Id.* at 1187.  The Tenth Circuit has

looked to the following factors in deciding the enforceability of such

waivers:  (1) whether the issues in dispute come within the scope of the

waiver; (2) whether the defendant knowingly and voluntarily waived his

rights; and (3) whether enforcement of the waiver would result in a

miscarriage of justice.  *United States v. Hahn*, 359 F.3d 1315, 1325 (10th

Cir. 2004).

      The defendant responds that the government's motion is

premature as his counsel failed to file a timely notice of appeal from the

court's sentence contrary to the defendant's instructions and that the court

must find the defense counsel ineffective and permit the defendant to

perfect a direct appeal.  The defendant's argument misses the mark for his

counsel did file a timely notice of appeal, and he has no contention that his

counsel was ineffective in that regard.  Because the defendant offers no

other response to the government's motion, it stands essentially

unopposed.

      Strictly construed, the plea agreement plainly and clearly states

that the defendant "waives any right to challenge a sentence or otherwise attempt to modify or change his sentence or manner in which it was determined in any collateral attack, including, . . ., a motion brought under Title 28, U.S.C. § 2255."  (Dk. 46, Plea Agr. ¶ 11).  This term certainly encompasses all § 2255 challenges to the defendant's sentence and the manner in which it was determined unless excepted by *United States v. Cockerham*, 237 F.3d at 1187.  All of the defendant's contentions fall within the scope of this waiver, and he brings no ineffective assistance of counsel claim that challenges the validity of the plea or the waiver.  As the Tenth Circuit has found and the record fully confirms, the plea agreement and the plea colloquy demonstrate that defendant knowingly and voluntarily entered into the plea agreement including this waiver, and there is nothing to indicate a miscarriage of justice would result from enforcing this waiver.

IT IS THEREFORE ORDERED that the defendant's motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. §  2255 (Dk. 79) is dismissed and that the government's motion to dismiss the defendant's § 2255 motion and to enforce the plea agreement (Dk. 84) is granted.

Dated this 24th day of August, 2007, Topeka, Kansas.


          s/ Sam A. Crow
          Sam A. Crow, U.S. District Senior Judge