IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF KANSAS


UNITED STATES OF AMERICA,

      Plaintiff/Respondent,

  Vs.                                Civil Case No. 06-3277-SAC
                                      Criminal Case No. 03-40126-01-SAC

ALEX OROZCO,

      Defendant/Movant.


MEMORANDUM AND ORDER

The case comes before the court on the movant's filing of a

notice of appeal (Dk. 89) from the district court's order that dismissed his

motion for relief under 28 U.S.C. § 2255 and granted the government's

motion to enforce the plea agreement (Dk. 87).  The movant also has filed

a motion for a certificate of appealability ("COA") (Dk. 90) and a

memorandum in support (Dk. 91).

To be entitled to a COA, Orozco must make "a substantial

showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  To

make the requisite showing, he must demonstrate "that reasonable jurists

could debate whether (or, for that matter, agree that) the petition should

have been resolved in a different manner or that the issues presented were

adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (quotations omitted).  "[A] claim can be debatable even though every jurist of reason might agree, after the COA has been granted and the case has received full consideration, that [the] petitioner will not prevail." *Id.* at 338.  In evaluating whether Orozco has satisfied his burden, this court undertakes "a preliminary, though not definitive, consideration of the . . . [legal] framework" applicable to his claims.  *Id.* at 338.  Although he need not show that his appeal will meet with success, he must "prove something more than the absence of frivolity or the existence of mere good faith."  *Id.*  (quotations omitted).

The court concludes that Orozco is not entitled to a COA.  As this court found in its prior order, the defendant waived his right to collaterally attack his sentence, the defendant raises only § 2255 issues that fall within the scope of this waiver, the defendant knowingly and voluntarily waived his right to bring a collateral attack, and the enforcement of this waiver here will not result in a miscarriage of justice.  (Dk. 87, pp. 6-7).  Orozco has not brought any claim of ineffective assistance of counsel in the negotiation of the plea agreement and, in his most recent motion, fails to articulate any reasonably debatable ground for not enforcing the

2

waiver.

Orozco mistakenly argues again that his counsel failed to file a timely notice of appeal and/or failed to perfect the appeal.  As was pointed out in its prior order, the court found that Orozco's counsel did file a timely notice of appeal.  His counsel also arranged for the preparation and payment of the transcripts for his appeal.  (Dks. 75 and 76).  The Tenth Circuit dismissed the defendant's appeal "find[ing] nothing to except this case from the consequences of the broad appeal waiver included in the defendant's plea agreement."  (Dk. 82, p. 2).  The defendant's remaining challenges to his sentencing raised in his § 2255 motion and his application for a certificate of appealability plainly fall within the scope of the collateral attack waiver.

IT IS THEREFORE ORDERED that the defendant's application for certificate of appealability (Dk. 90) is denied;

Dated this 31st day of October, 2007, Topeka, Kansas.

s/ Sam A. Crow
Sam A. Crow, U.S. District Senior Judge

3