IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

           Plaintiff,

Vs.                                        No. 03-40126-01-SAC

ALEX OROZCO,

           Defendant.

MEMORANDUM AND ORDER

The case comes before the court on the defendant's filing of a motion to modify his sentence pursuant to 18 U.S.C. § 3582(c). (Dk. 96). In response to the defendant's motion, the government files a motion for enforcement of the plea agreement and for dismissal of the defendant's motion to modify sentence. (Dk. 98). The defendant responds to the government's motion by arguing that the waiver in the plea agreement does not encompass his current motion and that his counsel was ineffective by not filing a direct appeal[1]. In his motion, the defendant argues the court should retroactively apply the 2007 amendment to U.S.S.G. § 4A1.2(c)(1) and then reconsider its calculation of the

---

[1] This is an argument raised in the defendant's § 2255 motion and already decided by the district court. The § 2255 ruling is now on appeal.

defendant's criminal history category and its determination on his eligibility for the safety valve provision.

The government moves to dismiss the defendant's § 3582(c) motion based on the following provision in the plea agreement:

> **9.  <u>Waiver of Appeal and Collateral Attack</u>.**  Defendant <u>knowingly and voluntarily waives any right to appeal or collaterally attack any matter in connection with this prosecution, conviction and sentence</u>.  The defendant is aware that Title 18, U.S.C. § 3742 affords a defendant the right to appeal the conviction and sentence imposed.  By entering into this agreement, the defendant knowingly waives any right to appeal a sentence . . . .  The <u>defendant also waives any right to challenge a sentence or otherwise attempt to modify or change his sentence or manner in which it was determined in any collateral attack, including, but not limited to</u>, a motion brought under Title 28, U.S.C. § 2255 [except as limited by *United States v. Cockerham*,237 F.3d 1179, 1187 (10th Cir. 2001)] <u>and a motion brought under Title 18, U.S.C. § 3582(c)(2)</u>.

(Dk. 46, Plea Agr. ¶ 11)(underlining added).  The defendant's current motion for relief pursuant to 18 U.S.C. § 3582(c) falls within the plain terms of the plea agreement.  Courts need not "hesitate to 'hold a defendant to the terms of a lawful plea agreement.'" *United States v. Sandoval*, 477 F.3d 1204, 1206 (10th Cir. 2007) (quoting *United States v. Atterberry*, 144 F.3d 1299, 1300 (10th Cir. 1998)).  The court has no reason to interpret this provision other than by the plain and express language appearing in it and by what the defendant necessarily and reasonably understood when

he entered his plea.

Such waivers are "generally enforceable where . . . expressly stated in the plea agreement and where both the plea and the waiver were knowingly and voluntarily made." *United States v. Cockerham*, 237 F.3d 1179, 1183 (10th Cir. 2001), *cert. denied*, 534 U.S. 1085 (2002). Exceptions to the general rule include "where the agreement was involuntary or unknowing, where the court relied on an impermissible factor such as race, or where the agreement is otherwise unlawful." *Id.* at 1182-83. The Tenth Circuit has looked to the following factors in deciding the enforceability of such waivers: (1) whether the issues in dispute come within the scope of the waiver; (2) whether the defendant knowingly and voluntarily waived his rights; and (3) whether enforcement of the waiver would result in a miscarriage of justice. *United States v. Hahn*, 359 F.3d 1315, 1325 (10th Cir. 2004).

As already stated above, the defendant's motion is subject to the express waiver plainly stated in the parties' plea agreement. "As the Tenth Circuit has found and the record fully confirms, the plea agreement and the plea colloquy demonstrate that defendant knowingly and voluntarily entered into the plea agreement including this waiver, and there is nothing

to indicate a miscarriage of justice would result from enforcing this waiver." (Dk. 87, p. 7). The defendant raises no argument that his counsel was ineffective in the negotiation of the plea agreement and fails to articulate any debatable ground for not enforcing the waiver. Even if the defendant could overcome the waiver provision, he would not be entitled to any relief on the merits of his motion.[2]

IT IS THEREFORE ORDERED that the defendant's motion to modify his sentence pursuant to 18 U.S.C. § 3582(c) (Dk. 96) is dismissed and that the government's motion for enforcement of the plea agreement and for dismissal of the defendant's motion to modify sentence (Dk. 98) is granted.

---

[2]"The defendant's § 3582(c) request for a modified sentence is based on Amendment 709 which made several changes to U.S.S.G. § 4A1.2, including a change to § 4A1.2(c)(1)(A) that requires a term of probation of "more than" one year for certain offenses to be countable. As provided in § 3582(c)(2), "a court may reduce a previously imposed sentence if the Sentencing Commission has lowered the applicable sentencing range and 'such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.'" *United States v.Torres-Aquino*, 334 F.3d 939, 940 (10th Cir. 2003). The applicable policy statement is U.S.S.G. § 1B1.10(a), which states that "[i]f none of the amendments listed in subsection (c) is applicable, a reduction in the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) is not consistent with this policy statement and thus is not authorized." Amendment 709 is not listed in § 1B1.10(c). Consequently, the defendant is not entitled to any relief on his § 3582(c) motion. *Torres-Aquino*, 334 F.3d at 941.

Dated this 21st day of February, 2008, Topeka, Kansas.


s/ Sam A. Crow
Sam A. Crow, U.S. District Senior Judge