IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

                Plaintiff,

Vs.                                                            No. 03-40126-01-SAC

ALEX OROZCO,

                Defendant.

MEMORANDUM AND ORDER

The case comes before the court on the defendant's motion for timely filing of his notice of appeal. (Dk. 108). On February 21, 2008, the court filed its order (Dk. 106) dismissing the defendant's motion to modify his sentence pursuant to 18 U.S.C. § 3582(c) (Dk. 96). The court construes the defendant's motion for timely filing as a motion for extension of time pursuant to Fed. R. App. P. 4(b)(4) and decides it accordingly.

Following the lead of other circuits, the Tenth Circuit treats a motion under 18 U.S.C. § 3582 as a continuation of the prior criminal case making any appeal subject to the ten-day period required in Fed. R. App. P. 4(b)(1)(A). *United States v. Espinosa-Talamantes*, 319 F.3d 1245, 1246 (10th Cir. 2003). The defendant did not file his notice of appeal within the ten-day appeal period that expired on March 6, 2008.

The defendant's untimely criminal appeal triggers consideration of Fed. R. App. P. 4(b)(4), which provides:

> Upon a finding of excusable neglect or good cause, the district court may-before or after the time has expired, with or without motion and notice-extend the time to file a notice of appeal for a period not to exceed 30 days from the expiration of the time otherwise prescribed.

Thus, if a defendant files his notice of appeal within this thirty-day extension period, the district court shall determine whether the defendant has established excusable neglect or good cause for the untimely filing of his appeal. *Espinosa-Talamantes*, 319 F.3d at 1246-47. The defendant here filed his motion and his notice of appeal on March 24, 2008, within the thirty-day extension period.

The defendant argues in his motion that he did not receive the court's order until March 17, 2008, because of his prison transfer from Forrest City, Arkansas, to Camp Leavenworth in Kansas. (Dk. 108). The defendant did file with the court on February 27, 2008, that his address would be changing to the Leavenworth facility on February 26, 2008. (Dk. 107). The court did not mail a second copy of its order to this new address but relied upon the prison administration to forward the order. The docket text entry on the court's order of February 21, 2008, shows it was mailed to the correctional facility in El Reno, Oklahoma, where the defendant was

incarcerated when he filed his motion in November of 2007. The record verifies the defendant's prison transfers and constitutes excusable neglect for the court extending the appeal time for the allowed thirty-day period.

IT IS THEREFORE ORDERED that the defendant's motion for timely filing of his notice of appeal (Dk. 108) is construed to be a motion for extension of time pursuant to Fed. R. App. P. 4(b)(4) and granted upon the above showing of excusable neglect.

Dated this 2nd day of April, 2008, Topeka, Kansas.

s/ Sam A. Crow
Sam A. Crow, U.S. District Senior Judge